UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DEAN MATTOX,<br><br>            Plaintiff,<br><br>    vs.<br><br>SGT. CASTROL, *et al.*,<br><br>            Defendants. | Case No. 1:10-cv-01641-RRB<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff John Dean Mattox, a California State prisoner appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against various officials and employees of the California Department of Corrections and Rehabilitation ("CDCR"). Mattox's claims arose from an incident that occurred during his incarceration at the North Kern State Prison ("NKSP") and a deliberate indifference claim against dental/medical personnel following his transfer to Pleasant Valley State Prison ("PVSP").[1]

---

[1] Mattox has named eleven individuals in addition to Sgt. Castrol: CCII Martinez; Lt. Marquez; Dr. Alexander, D.D.S.; Capt. Steadman; Lt. Marquez; Sgt. M.T. Ervan; CCI Harris; Dr, Hermon D.D.S.; Dr. Alexander, D.D.S.; Dr. F. Igbinoza, M.D.; Paco Mendoza; as well as twelve, or more, John and Jane Does alleged to be responsible dental/medical personnel at either NKSP or PVSP.

**I.    SCREENING REQUIREMENTS**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the

---

[2]     28 U.S.C. § 1915A(a).

[3]     28 U.S.C. § 1915(e)(2)(B).

[4]     Fed. R. Civ. P. 8(a)(2).

[5]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[6]

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.[7] This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[8] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[10] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]

---

[6]   *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[7]   *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation).

[8]   *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[9]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

[10]   *Id.*

[11]   *Id.* (quoting *Twombly*, 550 U.S. at 555).

## II. ALLEGATIONS

Mattox alleges four counts. Count I – a violation of his First, Fourth, Eighth, and Fourteenth Amendment Rights arising out of an alleged illegal confiscation of his property, including legal materials germane to a then pending federal action; Count II – a violation of his First, Eighth, and Fourteenth Amendments alleging a deliberate indifference to Mattox's safety by moving him to another facility where he was brutally attacked; Count III – a violation of his First, Fourth, Eighth, and Fourteenth Amendment rights in that after being assaulted Mattox was initially treated in an outside hospital for serious facial injuries, upon his return he was placed in administrative segregation and denied further necessary medical treatment; and Count IV – a continuous course of harassment, retaliation, and deliberate indifference treatment by a correctional officer.

## III. PRIOR PROCEEDING

On August 8, 2008, prior to filing this action, Mattox filed a nearly identical action: *Mattox v. Martinez, et al.*, 1:08-cv-01265-FRZ ("*Mattox I*").[12] In his Amended Complaint in *Mattox I*, Mattox alleged five counts against various defendants, including

---

[12] This Court takes judicial notice of the files in that case. Fed. R. Evid. 201.

the defendants named in this case. A review of that Amended Complaint reveals that Counts I, II, III, and V therein are essentially duplicated by Counts I, II, III, and IV of the Complaint in this action. As result of screening in *Mattox I*, except for his Count IV, all of Mattox's claims were dismissed without prejudice for failing to state a cause of action.[13] Thereafter, the defendant was granted summary judgment on the remaining Count in *Mattox I*.[14] Mattox has appealed from that action, and his appeal is still pending before the Ninth Circuit.[15]

## IV.  DISCUSSION

The present posture of this case and *Mattox I* requires this Court to determine whether this case is duplicative of *Mattox I* and, therefore, should be dismissed. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.'"[16] In such case, "[a]fter weighing the equities of the

---

[13]   *Mattox I*, Docket 21.  It is those dismissed claims that Mattox now attempts to resurrect in this action.

[14]   *Mattox I* at Dockets 57, 58.

[15]   *Mattox v. Chrones*, No. 11-17788.  This Court also takes judicial notice of the files in that case. Fed. R. Evid. 201. The Docket indicates that briefing has been completed in that case, and it awaits submission.

[16]   *Adams v. California Dept. of Health Svcs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70

case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay the action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."[17]

> To determine whether a suit is duplicative, we borrow from the test for claim preclusion. As the Supreme Court stated in *The Haytian Republic,* "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124, 14 S. Ct. 992, 38 L. Ed. 930 (1894); *see also Hartsel Springs Ranch,* 296 F.3d at 987 n. 1 ("[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion."); *Curtis,* 226 F.3d at 139–40 ("[T]he normal claim preclusion analysis applies and the court must assess whether the second suit raises issues that should have been brought in the first."); *Davis v. Sun Oil Co.,* 148 F.3d 606, 613 (6th Cir.1998) (per curiam) (referring to the doctrine against claim-splitting as "the 'other action pending' facet of the *res judicata* doctrine").
>
> Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. *See The Haytian Republic,* 154 U.S. at 124, 14 S. Ct. 992 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." (internal quotation marks omitted)); *Curtis,* 226 F.3d at 140

---

(7th Cir. 1977) (en banc)).

[17]   Id. (citations omitted).

ORDER TO SHOW CAUSE
*Mattox v. Castro, et al.,* 1:10-cv-01641-RRB - 6

(holding that the trial court did not abuse its discretion in dismissing "*Curtis II* claims arising out of the same events as those alleged in *Curtis I*," which claims "would have been heard if plaintiffs had timely raised them"); *Serlin,* 3 F.3d at 223 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).[18]

The Ninth Circuit then laid down the following "same causes of action" test:

> We examine first whether the causes of action in Adams's two suits are identical. To ascertain whether successive causes of action are the same, we use the transaction test, developed in the context of claim preclusion. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992) (citing Restatement (Second) of Judgments § 24(1) (1982)). In applying the transaction test, we examine four criteria:
>> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.
>
> *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.1982). "The last of these criteria is the most important." *Id.* at 1202.[19]

Counts I, II, III, and V in *Mattox I* allege the same operative facts as do Counts I through IV of the complaint in this action.

---

[18] *Id.* at 688–89.

[19] *Id.* at 689.

ORDER TO SHOW CAUSE
*Mattox v. Castro, et al.,* 1:10-cv-01641-RRB - 7

That is, the claims raised by Mattox in both lawsuits arise out of the same actions, involve the same parties, and infringe upon the same right.  To the extent that Mattox has pleaded additional facts in this action, it does not appear that Mattox could not have sought leave to include those additional facts in *Mattox I*.  Furthermore, it appears that the last act occurred more than three years before this action was initiated and its likely barred by the otherwise applicable limitations period.

## V. CONCLUSION/ORDER

Because it appears that there is no reason that Mattox could not bring the claims raised in this action in *Mattox I*, this action is duplicative of *Mattox I*.

**IT IS THEREFORE ORDERED** that Plaintiff shows good cause for continuing this action, on or before **May 17, 2013**, or the Court will dismiss it as duplicative, without prejudice.

**IT IS SO ORDERED** this 15th day of April, 2013.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE